NELSON P. COHEN
United States Attorney

JAMES BARKELEY
Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 W. 7th Avenue, #9, Room C-253
Anchorage, AK 99513-7567
Phone: (907) 271-3699
Fax: (907) 271-6011
Email: jim.barkeley@usdoj.gov
Alaska Bar No. 8306019

Counsel for Defendant

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | | |
|---|---|---|
| JOHN COLLETTE, | ) | Case No. 3:00-cv-254-RRB |
| | ) | |
| Plaintiff, | ) | **UNITED STATES' STATUS** |
| | ) | **REPORT** |
| v. | ) | |
| | ) | |
| DRUG ENFORCEMENT ADMINISTRATION, UNITED STATES MARSHALS SERVICE, and UNITED STATES OF AMERICA, | ) ) ) ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

COMES NOW defendant United States of America, by and through counsel, and hereby advises the Court of its efforts to determine the disposition of certain assets administratively forfeited by the Drug Enforcement Administration.[1]

---

[1] The assets involved (the value of which must now be returned to Mr. Collette, at the direction of the Ninth Circuit) are: $13,000.00 in currency, bank account of $10,378.74, bank account of 7,500.00, bank account of $11,880, $1,839.42, 1988 Glasair

The undersigned has begun review of the extensive record in this case, and has met with Mr. Collette to exchange information about the assets and their value.

Attached as Exhibit 1 is a series of statutory interest calculations, estimated by the United States Marshals Service ("USMS"), reflecting the interest due in addition to the principal amounts seized by the government from Mr. Collette. Included in these calculations is $1,839.42 in principal, and $1,323.08 in interest (totaling $3,162.50), which was not specifically addressed by the Ninth Circuit's opinion. The government includes it as owing to Mr. Collette, because it falls within the intent of the Ninth Circuit's ruling and as an indication of good faith in the spirit of compromise.

As the Court indicated two weeks ago, there is not much controversy about what value should be returned, when the item seized was money. As Exhibit 1 shows, a total of $44,598.16 in principal was seized from Mr. Collette. Total interest is $32,796.05. **Total** is $77,394.21. A motion for an order, directing the United States Marshals Service to pay Mr. Collette that amount, is filed contemporaneously with this Status Report. The government's position is that such payment will satisfy (as to cash or funds in bank accounts) its obligations, in full, to Mr. Collette.

As to property other than money, the government is still attempting to locate files pertaining to those assets. Mr. Collette has offered his view (and his view of the

---

III Aircraft, 1968 International V-200 Dump Truck, 1966 Helio Courier Aircraft, Yamaha Outboard Motor, Lincoln Arc Welder, 1987 Polaris Snowmobile, Rigid Pipe Threading Machine, Achilles Rubber Raft, Garmin Global Positioning System, 1988 Polaris Snowmobile, Mercury Outboard Motors, and Apple Computer.

government's view) as to value.  See Exhibit 2.  The government's position is that "value" is not determined by appraisals or "fair market value", but simply by what the government **actually received** when it sold the property.  These sales, known as "dispositions" in USMS parlance, totaled approximately $108,000.00, according to the USMS Office of General Counsel.  This amount is substantially less than what Mr. Collette feels the assets were worth ($216,000.00 (Exhibit 2)).

The government will continue its efforts to document the basis for its assertion that it collected around $108,000.00 at auction for all of this property.[2]  Some of the records have already been located.  The government would then intend to offer Mr. Collette approximately $108,000.00, plus interest, in satisfaction of its obligations.  Depending on case law at the time, an evidentiary hearing might be helpful as to value, and in any event, simply to document what the government sold these items for (because transactions reflected on computer printouts would have to be authenticated and explained as a basis for the next payment offered to Mr. Collette).

If the accompanying motion is granted, Mr. Collette will be on his way to receiving approximately $80,000.00.  The parties will then continue to share information and work

---

[2]Some of the dispositions may have to be reconstructed.  The government requests that it be allowed 90 days to file another status report in this case.  Also, some of what the USMS apparently sold for $108,000.00 was properly forfeited (e.g., a 1984 Quattro).

together toward a just resolution of this matter.

Respectfully submitted this 7th day of November, 2007, in Anchorage, Alaska.

        NELSON P. COHEN
        United States Attorney

        s/James Barkeley
        JAMES BARKELEY
        Assistant U.S. Attorney
        Federal Building & U.S. Courthouse
        222 W. 7th Avenue, #9, Room C-253
        Anchorage, AK 99513-7567
        Phone: (907) 271-3699
        Fax: (907) 271-6011
        Email: jim.barkeley@usdoj.gov
        Alaska Bar No. 8306019

**CERTIFICATE OF SERVICE**

I hereby certify that on November 7, 2007, a true and correct copy of the foregoing UNITED STATES' STATUS REPORT was sent via U.S. Mail to:

JOHN COLLETTE
3221 Ester Dome Road
Fairbanks, AK 99709

s/James Barkeley